Phoenix Glass Company *v.* Monaca Borough, Appellant.

Argued March 19, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*R. Eric Simons,* for appellant.

*E. Y. Calvin,* with him *John D. Ray,* and *Ray & Good,* for appellee.

OPINION PER CURIAM, April 17, 1962:

A preliminary injunction was issued May 1, 1959, in connection with a controversy over the sewage disposal by and the sewer rentals charged to the Phoenix Glass Company. The facts and the issues as well as the various motions, orders or decrees seemed to confuse nearly everybody. After a hearing and argument before the lower Court, a final decree was entered by the Court en banc dated July 7, 1960, which approved "the decree nisi in the nature of a restraining and directive order."

On September 23, 1960, Monaca Borough, the appellant, filed a motion to dissolve the injunction and a second like motion was filed by it on November 10, 1960. No appeal was taken from the final decree of July 7, 1960. The lower Court, after hearing testimony and legal arguments, entered on March 28, 1961, a "Supplementary Decree Nisi" which, inter alia,* overruled the borough's motions to dissolve the injunction. On July 12, 1961, the lower Court filed a per curiam opinion in which it stated: "This is the third time this case has been before the court en banc, without an appeal from the decrees entered by the court." It then overruled the borough's exceptions, approved the Chancellor's findings of fact and conclusions of law and directed that the supplementary decree nisi be entered as the "Supplemental Final Decree".

The appellant is not clear as to what order or decree of the lower Court this appeal was taken from. Appellant states, "the Court below refused to dissolve the injunction and in its dicta alleged the issue now was a matter of interpretation of Defendant's Ordinance. From thence the appeal."

The Supplemental Final Decree dated July 12, 1961, merely determined that the defendant's supervisor had

---

* That part of the final decree prohibiting the Borough from shutting off the water was dissolved and is not now in issue.

not exercised his discretion in accordance with the Final Decree of July 7, 1960. Appellant does not seriously contend that its supervisor has complied with the 1960 decree, but in reality argues that "The bone of contention in this case is the meaning of Section 2(a) of Article IV, as amended by Ordinance 498." This was the principal issue which was decided in and by the Final Decree of July 7, 1960.

What appellant seeks, therefore, in this appeal, is a readjudication or redetermination of the principal questions and issues which were decided in and by the final decree of the lower Court dated July 7, 1960, from which no appeal was taken. Those questions and issues cannot be reopened on this appeal. "No appeal shall be allowed in any case from an order, judgment, or decree of any court of common pleas or orphans' court, unless taken within three calendar months from the entry of the order, judgment, or decree appealed from. . . ." Act of May 19, 1897, P. L. 67, §4, as amended, 12 P.S. §1136.

Appeal dismissed at cost to appellant without prejudice to the right of the borough to pursue further appropriate proceedings, if any, in the lower Court.